**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

GORDON QUICK, WILLIAM )
MCCAUSLAND and JOHN )
TRECKER, )
 )
    Plaintiffs, ) Case No.:
 )
v. )
 ) **4 06CV00637SNL**
VIZIQOR SOLUTIONS, INC., )
WOODMONT HOLDINGS, INC., )
MICHAEL HUBER, and )
QUADRANGLE GROUP, LLC. ) Jury Trial Demanded
 )
    Defendants. )

**FILED**
APR 1 4 2006
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

## DEFENDANTS QUADRANGLE GROUP, LLC.'S AND MICHAEL HUBER'S
## NOTICE OF REMOVAL

Separate Defendants Quadrangle Group, LLC ("Quadrangle") and Michael Huber

("Huber"), pursuant to 28 U.S.C. §1446(a), hereby give notice of removal of Plaintiffs' State action

to this Court. In support of removal, separate defendants Quadrangle and Huber state that:

    1.    On or about March 3, 2006, Plaintiffs Gordon Quick, William McCausland and John

Trecker commenced an action for alleged breach of contract and common law fraud in the Circuit

Court of St. Louis County, State of Missouri, Case No. 06CC-000915.

    2.    On or about March 27, 2006, separate Defendants Quadrangle and Huber each were

served with a Summons and Petition in that action.

    3.    Pursuant to 28 U.S.C. §1446(b), a copy of all process and pleadings served on

separate Defendants Quadrangle and Huber is attached as Exhibit A, and a certified copy of the

Court file from the Clerk of the Circuit Court of St. Louis County is attached as Exhibit B.

Attached as Exhibit C is a Memo received in the mail on April 13, 2006, from Plaintiffs' attorney

purporting "by leave of court" to dismiss the Petition against Defendant Woodmont Holdings, Inc.

without prejudice. No other papers, pleadings, process, or orders have been served on separate

Defendants Quadrangle and Huber in connection with that action, and no proceedings have been

conducted in that action as of the filing of this Notice of Removal.

4.      Neither Defendants Quadrangle and Huber nor their attorneys have entered an

appearance, filed any responsive pleadings, or filed any papers responding to that action.

5.      Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is timely filed because it is

being filed within thirty (30) days after separate Defendants Quadrangle and Huber were served with

process in the State Court action.

6.      This action may be removed to this Court pursuant to 28 U.S.C. §1441(b) if it is one

"of which the district courts have original jurisdiction" and "if none of the parties in interest

properly joined and served as defendants is a citizen of the State in which such action is brought."

28 U.S.C. §1441(b).

7.      The action is a civil action under which this Court has original jurisdiction under 28

U.S.C. §1332(a) and is one which Defendants are entitled to remove to this Court pursuant to 28

U.S.C. §1441 on the following grounds:

        (a)      The matter in controversy exceeds the sum of $75,000 exclusive of interest

and costs. Plaintiffs have alleged in their Petition and seek to recover in excess of $1,600,000, with

each Plaintiff alleging damages exclusive of interests and costs in excess of $75,000.

        (b)      This action is between citizens of different States thereby giving rise to

diversity jurisdiction. Specifically:

                (i)      Plaintiff's Petition states that each of Plaintiffs' Gordon Quick,

William McCausland, and John Tracker reside in St. Louis County Missouri.

                (ii)      The Petition states that Defendant Viziqor Solutions, Inc. is a

Delaware Corporation. It is now known as Formula Telecom Solutions, Inc. which has its principal

2

place of business in Florida. The Petition further states that Defendant Quadrangle is a limited liability company with its principal offices at 375 Park Avenue, New York, New York, and that Defendant Michael Hubert is a resident of the State of New York. The Petition further alleges that Defendant Woodmont Holdings, Inc. is a Delaware corporation with its principal place of business in Bethesda Maryland.

8.      Defendant Woodmont Holdings, Inc. filed for bankruptcy under Chapter 7 of the Bankruptcy Act on March 13, 2006 in the District of Delaware. Plaintiffs filed a memo in St. Louis County Circuit on April 12, 2006 purporting by leave of court to dismiss their Petition against Woodmont Holdings, Inc. without prejudice. Although Defendants submit that it is unnecessary to obtain Woodmont Holdings' consent to this Removal, they have obtained the consent for Removal of the Trustee of the Bankruptcy Estate of Woodmont Holdings, Inc. A copy of the consent is attached as Exhibit D.

9.      Upon information and belief, defendants file this Notice of Removal with all requisite conditions to establish removal jurisdiction in this Court.

10.     Defendant Viziqor Solutions, Inc., now known as Formula Telecom Solutions, Inc., has consented to removal. A copy of its consent is attached as Exhibit E.

11.     Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal and a Notice to St. Louis County Circuit Clerk of Removal is being filed with the State Court. A copy of the Notice to St. Louis County Circuit Court is attached as Exhibit F.

3

Respectfully submitted this 14th day of April 2006.

BRYAN CAVE LLP

By: _____

Charles A. Weiss  #4674
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
(314) 259-2000
(314) 259-2020 (Facsimile)

Weil, Gotshal & Manges
James L. Messenger
100 Federal Street, Floor 34
Boston, Massachusetts 02110
Of Counsel
Attorney for Quadrangle Group LLC
and Michael Huber

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April 2006, a copy of the foregoing was faxed and served via U.S. Mail, postage prepaid, upon:

Martin M. Green
James J. Simeri
Green, Schaaf & Jacobson, P.C.
7733 Forsyth Boulevard, Suite 700
Clayton, Missouri 63105
(314) 862-1606 (Facsimile)
Attorney for Plaintiffs

Michael A. Clithero
Blackwell Sanders Peper Martin
720 Olive Street, 24th Floor
St. Louis, Missouri 63101
(314) 345-6060 (Facsimile)
Attorney for Viziqor Solutions, Inc.

John T. Carroll, III
Cozen O'Conner
Chase Manhattan Center
1201 North Market Street
Suite 1400
Wilmington, Delaware 19801
(302) 295-2013 (Facsimile)
Attorney for Trustee of Bankruptcy
Estate of Woodmont Holdings, Inc.

# Exhibit A

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

QUICK, GORDON ETAL.                                    06CC-000915 K CV
----------------------------------------       ----------------------------
            PLAINTIFF                                    CASE NUMBER

            VS

VIZIQOR SOLUTIONS INC ETAL
----------------------------------------
            DEFENDANT

S U M M O N S   F O R   S E R V I C E   O U T S I D E   T H E   S T A T E

THE STATE OF MISSOURI TO:   DEFENDANT   (4)

        QUADRANGLE GROUP LLC
        375 PARK AVENUE
        NEW YORK NY 10152


        YOU ARE SUMMONED TO APPEAR BEFORE THIS COURT AND TO FILE YOUR PLEADING TO
THE PETITION, COPY OF WHICH IS ATTACHED, AND TO SERVE A COPY OF YOUR PLEADING
UPON THE ATTORNEY OR PARTY WHOSE NAME AND ADDRESS IS LISTED BELOW ALL WITHIN
30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE OF THE DAY OF
SERVICE.   IF YOU FAIL TO FILE YOUR PLEADING, JUDGMENT BY DEFAULT MAY BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITON.

******SPECIAL NEEDS PHONE NUMBERS CHANGE EFFECTIVE 9-13-99 AS FOLLOWS******
CIRCUIT CLERK'S OFFICE 314/615-8029; FAX 314/615-8739; TTY 314/615-4567


        DATE ISSUED: MARCH 10, 2006
        ------------------------------------------
        ATTORNEY:

        MARTIN M GREEN
        GREEN SCHAAF AND JACOBSON
        SUITE 700
        7733 FORSYTH BLVD
        CLAYTON MO 63105
        (314) 862-6800



                                    **JOAN M. GILMER**, Circuit Clerk

                                    By _____
                                       Deputy Clerk

**SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the
Office of the Circuit Clerk at 314/615-8029, FAX 314/615-8739, or TTY at 314/615-4567, at least three business days
in advance of the court proceeding.

WHITE - Sheriff's Return                        YELLOW - Service Copy                        PINK - Court File

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

GORDON QUICK, WILLIAM            )
MCCAUSLAND and JOHN             )
TRECKER,                        )
                                )
                Plaintiffs,     )       Cause No.
                                )
v.                              )       Division
                                )
VIZIQOR SOLUTIONS, INC.,        )
Serve: CT Corporation System, Reg.  )
        Agent                   )
        1200 South Pine Island Road  )
        Plantation, Florida 33324  )
        (Broward County)        )
                                )
WOODMONT HOLDINGS, INC.,        )
f/k/a Viziqor Holdings, Inc.,   )
Serve: 2 Bethesda Metro Center  )
        Bethesda, MD 20854      )
        (Montgomery County)     )
                                )
MICHAEL HUBER,                  )
Serve: 375 Park Avenue          )
        New York, NY 10152      )
        (New York County)       )
                                )
and                             )
                                )
QUADRANGLE GROUP, LLC,          )
Serve: 375 Park Avenue          )
        New York, NY 10152      )
        (New York County)       )
                                )
                Defendants.     )

## PETITION

### GENERAL ALLEGATIONS

1.      Plaintiff Gordon Quick ("Quick") is an individual who resides in St. Louis County, Missouri. Quick was formerly employed by Viziqor Solutions, Inc. until he was terminated without cause on November 15, 2005.

2.      Plaintiff William McCausland ("McCausland") is an individual who resides in St. Louis County, Missouri. McCausland was formerly employed by Viziqor Solutions, Inc. until he was terminated without cause on December 6, 2005.

3.      Plaintiff John Trecker ("Trecker") is an individual who resides in St. Louis County, Missouri. Trecker was formerly employed by Viziqor Solutions, Inc. until he was terminated without cause on December 6, 2005.

4.      Defendant Woodmont Holdings, Inc., f/k/a Viziqor Holdings, Inc. ("Holdings"), is a Delaware corporation, with its principal place of business in Bethesda, Maryland. At all material times, Holdings was the alter ego of Solutions.

5.      Defendant Viziqor Solutions, Inc. ("Solutions") is a Delaware corporation. Holdings owned all of the capital stock of Solutions consisting of 100 shares of common stock until December 2005, when it sold Solutions to Formula Telecom Solutions, Ltd. ("Telecom").

6.      Defendant Michael Huber is a resident of New York, New York. He is employed by Defendant Quadrangle Group, LLC. At all material times, he was the representative of Quadrangle, the controlling shareholder of Holdings and a member

-2-

of its Board of Directors. Until Solutions was sold to Telecom, he always acted in the capacity of Chief Executive Officer of Solutions and was a member of its Board of Directors.

7.    Defendant Quadrangle Group, LLC ("Quadrangle") is a limited liability company engaged in the investment banking business. Its principal offices are at 375 Park Avenue, New York, New York. At all material times, Quadrangle was the owner of approximately 56% of the capital stock of Holdings. Quadrangle was paid a management fee for its "services" to Holdings. As Huber's employer, Quadrangle is vicariously liable for the conduct of Huber, as hereafter set forth.

8.    The Court has personal jurisdiction over Defendants under § 506.500, R.S.Mo. because Plaintiffs' claims arise from the Defendants' transaction of business within Missouri, the Defendants' making of contracts within Missouri and the Defendants' commission of tortious acts within Missouri.

9.    Venue in the St. Louis County Circuit Court is proper under §508.010(4), R.S.Mo.   Since all Defendants are non-residents of Missouri, venue is proper in any Missouri county.

10.    Holdings entered into employment agreements and retention bonus agreements with each Plaintiff. Although Holdings executed the agreements with each Plaintiff and was the named employer therein, Holdings was nothing more than the alter ego of Solutions:

-3-

(A)    All of the obligations and responsibilities of Holdings to Plaintiffs under the Employment Agreements and Retention Bonus Agreements were assumed and carried out by Solutions.

(B)    Plaintiffs were employed by and worked for Solutions.

(C)    Holdings had no business operations and was not adequately financed. Its only function was to hold the capital stock of several subsidiaries, including Solutions.

(D)    Holdings and Solutions had common interlocking directors and officers.

(E)    Holdings' revenues and income were derived primarily from its wholly owned subsidiary, Solutions.

(F)    Solutions paid virtually all expenses and obligations of Holdings.

(G)    Both Holdings and Solutions occupied the same offices. The only listing in the telephone directories was for "Viziqor Solutions".

(H)    All correspondence for both Holdings and Solutions utilized letterheads and bill heads bearing the name "Viziqor Solutions."

(I)    Quadrangle's management fees were paid by Solutions.

(J)    Plaintiff's salary and other benefits were paid by Solutions. Plaintiffs' W-2 statements showed Solutions, not Holdings, as their employer.

(K)    Other terminated executives who had Employment Agreements signed by Holdings were paid their severance compensation by Solutions.

-4-

11.     Solutions completely dominated all policy and business practices relating to the employment of Plaintiffs. Holdings had no separate mind, will or existence of its own with respect to Plaintiffs' employment and retention bonus agreements. The exercise of control by Solutions was done by Holdings and Solutions for the improper and wrongful purpose of insuring that Holdings would not have the financial wherewithal to compensate Plaintiffs under their employment agreements. Such reckless disregard for the rights of Plaintiffs on the part of Holdings and Solutions was dishonest and in contravention of Plaintiffs' legal rights. Unless the Court disregards the corporate form of Holdings, and holds Solutions equally responsible to Plaintiffs under the employment and retention bonus agreements, the result would constitute an injustice to Plaintiffs.

12.     As a direct and proximate result of Solutions' use of Holdings as its alter ego, Plaintiffs have sustained injuries and losses as hereinafter set forth.

<u>COUNT I</u>
**(Breach of Contract against Solutions and Holdings)**

For their first and separate causes of action against Solutions and Holdings, Plaintiffs state:

13.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 12 as if more fully set forth herein.

14.     In or about October, 2004, Quick entered into an Employment Agreement with Holdings (f/k/a Daleen Holdings, Inc.). At all times material to this Petition,

-5-

Holdings was the alter ego of Solutions who was the *de facto* employer of Quick. Solutions assumed all obligations to Quick under the Agreement.

15.     On or about August, 2005, Quick entered into a Retention Bonus Agreement with Holdings. At all times material to this Petition, Holdings was the alter ego of Solutions who was the *de facto* employer of Quick and obligated to Quick under the terms of the Retention Bonus Agreement.

16.     On or about October 15, 2004, McCausland entered into an Employment Agreement with Holdings. At all times material to this Petition, Holdings was the alter ego of Solutions who was the *de facto* employer of McCausland. Solutions assumed all obligations to McCausland under the Agreement.

17.     On or about August 29, 2005, McCausland entered into a Retention Bonus Agreement with Holdings. At all times material to this Petition, Holdings was the alter ego of Solutions who was the *de facto* employer of McCausland and obligated to McCausland under the terms of the Retention Bonus Agreement.

18.     In or about October, 2004, Trecker entered into an Employment Agreement with Holdings. At all times material to this Petition, Holdings was the alter ego of Solutions who was the *de facto* employer of Trecker. Solutions assumed all obligations to Trecker under the Agreement.

19.     On or about August 29, 2005, Trecker entered into a Retention Bonus Agreement with Holdings. At all times material to this Petition, Holdings was the alter ego of Solutions who was the *de facto* employer of Trecker and obligated to Trecker under the terms of the Retention Bonus Agreement.

20.    Holdings and Solutions have breached the Employment Agreements and Retention Bonus Agreements of each Plaintiff by failing, refusing and neglecting to compensate Plaintiffs under their Employment Agreements and Retention Bonus Agreements.

21.    As a direct and proximate result of the breach of Plaintiffs' employment and retention bonus agreements, Plaintiffs have sustained the following losses:

      (A)    Gordon Quick - $1,110,410.38;

      (B)    William McCausland - $290,036.97;

      (C)    John Trecker - $266,083.00.

WHEREFORE, in Count I, Plaintiffs pray judgment against Defendants Woodmont Holdings, Inc. and Viziqor Solutions, Inc., jointly and severally, in the following amounts, together with interest at the rate of 9% per annum on all amounts due as of the dates of termination:

| (A) | Gordon Quick | $1,110,410.38 |
|-----|--------------|---------------|
| (B) | William McCausland | $ 290,036.97 |
| (C) | John Trecker | $ 266,083.00 |

### COUNT II
### (Breach of Contract against Quadrangle)

For their separate causes of action against Defendant Quadrangle, Plaintiffs state:

22.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 21 as if more fully set forth herein.

-7-

23.    On or about May 19, 2005, Quadrangle, by and through its agent, servant and employee Huber, made a definite and unambiguous offer to Plaintiffs that if they would continue working for Solutions until it could be sold, Quadrangle would pay Plaintiffs all of their severance benefits and retention bonuses in the event that the Plaintiffs were discharged as employees of Solutions without being paid their benefits and bonuses

24.    As consideration for Quadrangle's agreement, Plaintiffs agreed to continue as employees of Solutions and did continue as employees of Solutions until they were subsequently discharged without cause. In reaching agreement, the parties anticipated that the sale of Solutions could and would be completed within one (1) year. In fact, the sale was completed within one (1) year. Following the sale, Holdings and Solutions failed to compensate Plaintiffs under their contracts.

25.    The agreement was fair to all parties; Plaintiffs fully performed their obligations under the contract. Plaintiffs' performance in remaining employed was pursuant to and in reliance upon Huber's specific offers, as aforesaid.

26.    At all material times Huber was the agent, servant and employee of Quadrangle and authorized to make such offers to Plaintiffs.

27.    At all material times, Huber was acting in the course and scope of his employment with Quadrangle. All of his conduct took place in furtherance of the business and interests of Quadrangle.

28.    Quadrangle has breached its contract with Plaintiffs by failing, refusing and neglecting to pay them their severance payments and their retention bonuses.

-8-

29.     As a direct and proximate result of the breach of the foregoing agreement,

Plaintiffs have sustained the following losses:

      (A)     Gordon Quick - $1,110,410.38;

      (B)     William McCausland - $290,036.97;

      (C)     John Trecker - $266,083.00.

      WHEREFORE, in Count II, Plaintiffs pray judgment against Defendant

Quadrangle as follows, together with interest at the rate of 9% per annum on all

amounts due as of the dates of termination:

| (A) | Gordon Quick | $1,110,410.38 |
|-----|--------------|---------------|
| (B) | William McCausland | $ 290,036.97 |
| (C) | John Trecker | $ 266,083.00 |

### COUNT III
### (Common Law Fraud Against Huber and Quadrangle)

      For their separate and alternative cause of action against Defendant Quadrangle

and their separate cause of action against Defendant Huber, Plaintiffs state:

30.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 29

as if more fully set forth herein.

31.     At all material times Huber was the agent, servant and employee of

Quadrangle and authorized to make such representations to the Plaintiffs.

32.     The conduct and acts of Huber took place while he was acting in the

course and scope of his employment with Quadrangle. His conduct and acts were done

in furtherance of the business and interests of Quadrangle.

-9-

33.    At the time the offers and representations, as aforesaid, were made, Huber and Quadrangle knew they were false.

34.    The representations were material to Plaintiffs' decisions to remain employees of Solutions. Plaintiffs did in fact honor their commitments to remain employees of Solutions until they were terminated without cause just prior to the sale of Solutions some seven (7) months later.

35.    Plaintiffs were ignorant of the fact that the representations and promises being made to them were false.

36.    In making the representations, said Defendants intended that Plaintiffs should rely thereon. Plaintiffs did rely thereon and their reliance was reasonable and well-founded.

37.    In making the false representations, said Defendants intended to defraud Plaintiffs.

38.    As a direct and proximate result of the fraudulent conduct by Quadrangle and Huber, as aforesaid, Plaintiffs sustained the following damages:

      (A)    Gordon Quick - $1,110,410.38;

      (B)    William McCausland - $290,036.97;

      (C)    John Trecker - $266,083.00.

39.    Said Defendants' conduct, as aforesaid, was willful, intentional, malicious, outrageous and dishonest. Accordingly, Plaintiff is entitled to an award of punitive damages.

-10-

WHEREFORE, in Count III, Plaintiffs pray judgment for actual damages against Defendants Quadrangle and Huber, as follows:

| | | |
|---|---|---|
| (A) | Gordon Quick | $1,110,410.38 |
| (B) | William McCausland | $ 290,036.97 |
| (C) | John Trecker | $ 266,083.00 |

together with interest at the rate of 9% per annum on all amounts due as of the date of termination, punitive damages against each such Defendant in the amount of $10 million for each Plaintiff, and whatever additional relief the Court deems appropriate under the circumstances.

GREEN, SCHAAF & JACOBSON, P.C.

By: _Martin M. Green_

Martin M. Green #16465
James J. Simeri #52506
Attorneys for Plaintiff
7733 Forsyth Boulevard, Suite 700
Clayton, Missouri 63105
314-862-6800
FAX: 314-862-1606
green@stlouislaw.com
simeri@stlouislaw.com

-11-

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the partes. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

QUICK, GORDON ETAL
-------------------------------
PLAINTIFF

vs

VIZIQOR SOLUTIONS INC ETAL
-------------------------------
DEFENDANT

06CC-000915 K CV
-------------------------------
CASE NUMBER

## S U M M O N S   F O R   S E R V I C E   O U T S I D E   T H E   S T A T E

THE STATE OF MISSOURI TO:   DEFENDANT   (3)

MICHAEL HUBER
375 PARK AVENUE
NEW YORK NY 10152

YOU ARE SUMMONED TO APPEAR BEFORE THIS COURT AND TO FILE YOUR PLEADING TO THE PETITION, COPY OF WHICH IS ATTACHED, AND TO SERVE A COPY OF YOUR PLEADING UPON THE ATTORNEY OR PARTY WHOSE NAME AND ADDRESS IS LISTED BELOW ALL WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE OF THE DAY OF SERVICE.   IF YOU FAIL TO FILE YOUR PLEADING, JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITON.

******SPECIAL NEEDS PHONE NUMBERS CHANGE EFFECTIVE 9-13-99 AS FOLLOWS*******
CIRCUIT CLERK'S OFFICE 314/615-8029; FAX 314/615-8739; TTY 314/615-4567

DATE ISSUED: MARCH 10, 2006
-------------------------------
ATTORNEY

MARTIN M GREEN
GREEN SCHAAF AND JACOBSON
SUITE 700
7733 FORSYTH BLVD
CLAYTON MO 63105
(314) 862-6800



**JOAN M. GILMER**, Circuit Clerk

By _____
Deputy Clerk

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314/615-8029, FAX 314/615-8739, or TTY at 314/615-4567, at least three business days in advance of the court proceeding.**

WHITE - Sheriff's Return               YELLOW - Service Copy               PINK - Court File

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

GORDON QUICK, WILLIAM )
MCCAUSLAND and JOHN )
TRECKER, )
 )
              Plaintiffs, )        Cause No.
 )
v. )        Division
 )
VIZIQOR SOLUTIONS, INC., )
Serve: CT Corporation System, Reg. )
       Agent )
       1200 South Pine Island Road )
       Plantation, Florida 33324 )
       (Broward County) )
 )
WOODMONT HOLDINGS, INC., )
f/k/a Viziqor Holdings, Inc., )
Serve: 2 Bethesda Metro Center )
       Bethesda, MD 20854 )
       (Montgomery County) )
 )
MICHAEL HUBER, )
Serve: 375 Park Avenue )
       New York, NY 10152 )
       (New York County) )
 )
and )
 )
QUADRANGLE GROUP, LLC, )
Serve: 375 Park Avenue )
       New York, NY 10152 )
       (New York County) )
 )
              Defendants. )

06CC-000915

## PETITION

### GENERAL ALLEGATIONS

1.     Plaintiff Gordon Quick ("Quick") is an individual who resides in St. Louis County, Missouri. Quick was formerly employed by Viziqor Solutions, Inc. until he was terminated without cause on November 15, 2005.

2.     Plaintiff William McCausland ("McCausland") is an individual who resides in St. Louis County, Missouri. McCausland was formerly employed by Viziqor Solutions, Inc. until he was terminated without cause on December 6, 2005.

3.     Plaintiff John Trecker ("Trecker") is an individual who resides in St. Louis County, Missouri. Trecker was formerly employed by Viziqor Solutions, Inc. until he was terminated without cause on December 6, 2005.

4.     Defendant Woodmont Holdings, Inc., f/k/a Viziqor Holdings, Inc. ("Holdings"), is a Delaware corporation, with its principal place of business in Bethesda, Maryland. At all material times, Holdings was the alter ego of Solutions.

5.     Defendant Viziqor Solutions, Inc. ("Solutions") is a Delaware corporation. Holdings owned all of the capital stock of Solutions consisting of 100 shares of common stock until December 2005, when it sold Solutions to Formula Telecom Solutions, Ltd. ("Telecom").

6.     Defendant Michael Huber is a resident of New York, New York. He is employed by Defendant Quadrangle Group, LLC. At all material times, he was the representative of Quadrangle, the controlling shareholder of Holdings and a member

-2-

of its Board of Directors. Until Solutions was sold to Telecom, he always acted in the capacity of Chief Executive Officer of Solutions and was a member of its Board of Directors.

7.    Defendant Quadrangle Group, LLC ("Quadrangle") is a limited liability company engaged in the investment banking business. Its principal offices are at 375 Park Avenue, New York, New York. At all material times, Quadrangle was the owner of approximately 56% of the capital stock of Holdings. Quadrangle was paid a management fee for its "services" to Holdings. As Huber's employer, Quadrangle is vicariously liable for the conduct of Huber, as hereafter set forth.

8.    The Court has personal jurisdiction over Defendants under § 506.500, R.S.Mo. because Plaintiffs' claims arise from the Defendants' transaction of business within Missouri, the Defendants' making of contracts within Missouri and the Defendants' commission of tortious acts within Missouri.

9.    Venue in the St. Louis County Circuit Court is proper under §508.010(4), R.S.Mo. Since all Defendants are non-residents of Missouri, venue is proper in any Missouri county.

10.    Holdings entered into employment agreements and retention bonus agreements with each Plaintiff. Although Holdings executed the agreements with each Plaintiff and was the named employer therein, Holdings was nothing more than the alter ego of Solutions:

-3-

(A)    All of the obligations and responsibilities of Holdings to Plaintiffs under the Employment Agreements and Retention Bonus Agreements were assumed and carried out by Solutions.

(B)    Plaintiffs were employed by and worked for Solutions.

(C)    Holdings had no business operations and was not adequately financed.  Its only function was to hold the capital stock of several subsidiaries, including Solutions.

(D)    Holdings and Solutions had common interlocking directors and officers.

(E)    Holdings' revenues and income were derived primarily from its wholly owned subsidiary, Solutions.

(F)    Solutions paid virtually all expenses and obligations of Holdings.

(G)    Both Holdings and Solutions occupied the same offices. The only listing in the telephone directories was for "Viziqor Solutions".

(H)    All correspondence for both Holdings and Solutions utilized letterheads and bill heads bearing the name "Viziqor Solutions."

(I)    Quadrangle's management fees were paid by Solutions.

(J)    Plaintiff's salary and other benefits were paid by Solutions. Plaintiffs' W-2 statements showed Solutions, not Holdings, as their employer.

(K)    Other terminated executives who had Employment Agreements signed by Holdings were paid their severance compensation by Solutions.

-4-

11.     Solutions completely dominated all policy and business practices relating to the employment of Plaintiffs. Holdings had no separate mind, will or existence of its own with respect to Plaintiffs' employment and retention bonus agreements. The exercise of control by Solutions was done by Holdings and Solutions for the improper and wrongful purpose of insuring that Holdings would not have the financial wherewithal to compensate Plaintiffs under their employment agreements. Such reckless disregard for the rights of Plaintiffs on the part of Holdings and Solutions was dishonest and in contravention of Plaintiffs' legal rights. Unless the Court disregards the corporate form of Holdings, and holds Solutions equally responsible to Plaintiffs under the employment and retention bonus agreements, the result would constitute an injustice to Plaintiffs.

12.     As a direct and proximate result of Solutions' use of Holdings as its alter ego, Plaintiffs have sustained injuries and losses as hereinafter set forth.

### COUNT I
**(Breach of Contract against Solutions and Holdings)**

For their first and separate causes of action against Solutions and Holdings, Plaintiffs state:

13.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 12 as if more fully set forth herein.

14.     In or about October, 2004, Quick entered into an Employment Agreement with Holdings (f/k/a Daleen Holdings, Inc.). At all times material to this Petition,

Holdings was the alter ego of Solutions who was the *de facto* employer of Quick. Solutions assumed all obligations to Quick under the Agreement.

15.    On or about August, 2005, Quick entered into a Retention Bonus Agreement with Holdings. At all times material to this Petition, Holdings was the alter ego of Solutions who was the *de facto* employer of Quick and obligated to Quick under the terms of the Retention Bonus Agreement.

16.    On or about October 15, 2004, McCausland entered into an Employment Agreement with Holdings. At all times material to this Petition, Holdings was the alter ego of Solutions who was the *de facto* employer of McCausland. Solutions assumed all obligations to McCausland under the Agreement.

17.    On or about August 29, 2005, McCausland entered into a Retention Bonus Agreement with Holdings. At all times material to this Petition, Holdings was the alter ego of Solutions who was the *de facto* employer of McCausland and obligated to McCausland under the terms of the Retention Bonus Agreement.

18.    In or about October, 2004, Trecker entered into an Employment Agreement with Holdings. At all times material to this Petition, Holdings was the alter ego of Solutions who was the *de facto* employer of Trecker. Solutions assumed all obligations to Trecker under the Agreement.

19.    On or about August 29, 2005, Trecker entered into a Retention Bonus Agreement with Holdings. At all times material to this Petition, Holdings was the alter ego of Solutions who was the *de facto* employer of Trecker and obligated to Trecker under the terms of the Retention Bonus Agreement.

20.     Holdings and Solutions have breached the Employment Agreements and Retention Bonus Agreements of each Plaintiff by failing, refusing and neglecting to compensate Plaintiffs under their Employment Agreements and Retention Bonus Agreements.

21.     As a direct and proximate result of the breach of Plaintiffs' employment and retention bonus agreements, Plaintiffs have sustained the following losses:

(A)     Gordon Quick - $1,110,410.38;

(B)     William McCausland - $290,036.97;

(C)     John Trecker - $266,083.00.

WHEREFORE, in Count I, Plaintiffs pray judgment against Defendants Woodmont Holdings, Inc. and Viziqor Solutions, Inc., jointly and severally, in the following amounts, together with interest at the rate of 9% per annum on all amounts due as of the dates of termination:

(A)     Gordon Quick              $1,110,410.38

(B)     William McCausland        $ 290,036.97

(C)     John Trecker              $ 266,083.00

## COUNT II
### (Breach of Contract against Quadrangle)

For their separate causes of action against Defendant Quadrangle, Plaintiffs state:

22.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 21 as if more fully set forth herein.

-7-

23.     On or about May 19, 2005, Quadrangle, by and through its agent, servant and employee Huber, made a definite and unambiguous offer to Plaintiffs that if they would continue working for Solutions until it could be sold, Quadrangle would pay Plaintiffs all of their severance benefits and retention bonuses in the event that the Plaintiffs were discharged as employees of Solutions without being paid their benefits and bonuses

24.     As consideration for Quadrangle's agreement, Plaintiffs agreed to continue as employees of Solutions and did continue as employees of Solutions until they were subsequently discharged without cause. In reaching agreement, the parties anticipated that the sale of Solutions could and would be completed within one (1) year. In fact, the sale was completed within one (1) year. Following the sale, Holdings and Solutions failed to compensate Plaintiffs under their contracts.

25.     The agreement was fair to all parties; Plaintiffs fully performed their obligations under the contract. Plaintiffs' performance in remaining employed was pursuant to and in reliance upon Huber's specific offers, as aforesaid.

26.     At all material times Huber was the agent, servant and employee of Quadrangle and authorized to make such offers to Plaintiffs.

27.     At all material times, Huber was acting in the course and scope of his employment with Quadrangle. All of his conduct took place in furtherance of the business and interests of Quadrangle.

28.     Quadrangle has breached its contract with Plaintiffs by failing, refusing and neglecting to pay them their severance payments and their retention bonuses.

-8-

29.    As a direct and proximate result of the breach of the foregoing agreement, Plaintiffs have sustained the following losses:

    (A)    Gordon Quick - $1,110,410.38;

    (B)    William McCausland - $290,036.97;

    (C)    John Trecker - $266,083.00.

WHEREFORE, in Count II, Plaintiffs pray judgment against Defendant Quadrangle as follows, together with interest at the rate of 9% per annum on all amounts due as of the dates of termination:

| | | |
|---|---|---|
| (A) | Gordon Quick | $1,110,410.38 |
| (B) | William McCausland | $ 290,036.97 |
| (C) | John Trecker | $ 266,083.00 |

## COUNT III
### (Common Law Fraud Against Huber and Quadrangle)

For their separate and alternative cause of action against Defendant Quadrangle and their separate cause of action against Defendant Huber, Plaintiffs state:

30.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 29 as if more fully set forth herein.

31.    At all material times Huber was the agent, servant and employee of Quadrangle and authorized to make such representations to the Plaintiffs.

32.    The conduct and acts of Huber took place while he was acting in the course and scope of his employment with Quadrangle. His conduct and acts were done in furtherance of the business and interests of Quadrangle.

-9-

33.    At the time the offers and representations, as aforesaid, were made, Huber and Quadrangle knew they were false.

34.    The representations were material to Plaintiffs' decisions to remain employees of Solutions. Plaintiffs did in fact honor their commitments to remain employees of Solutions until they were terminated without cause just prior to the sale of Solutions some seven (7) months later.

35.    Plaintiffs were ignorant of the fact that the representations and promises being made to them were false.

36.    In making the representations, said Defendants intended that Plaintiffs should rely thereon.  Plaintiffs did rely thereon and their reliance was reasonable and well-founded.

37.    In making the false representations, said Defendants intended to defraud Plaintiffs.

38.    As a direct and proximate result of the fraudulent conduct by Quadrangle and Huber, as aforesaid, Plaintiffs sustained the following damages:

    (A)    Gordon Quick - $1,110,410.38;

    (B)    William McCausland - $290,036.97;

    (C)    John Trecker - $266,083.00.

39.    Said Defendants' conduct, as aforesaid, was willful, intentional, malicious, outrageous and dishonest. Accordingly, Plaintiff is entitled to an award of punitive damages.

-10-

WHEREFORE, in Count III, Plaintiffs pray judgment for actual damages against Defendants Quadrangle and Huber, as follows:

| | | |
|---|---|---|
| (A) | Gordon Quick | $1,110,410.38 |
| (B) | William McCausland | $ 290,036.97 |
| (C) | John Trecker | $ 266,083.00 |

together with interest at the rate of 9% per annum on all amounts due as of the date of termination, punitive damages against each such Defendant in the amount of $10 million for each Plaintiff, and whatever additional relief the Court deems appropriate under the circumstances.

GREEN, SCHAAF & JACOBSON, P.C.

By: *Morton M. Green*

Martin M. Green #16465
James J. Simeri #52506
Attorneys for Plaintiff
7733 Forsyth Boulevard, Suite 700
Clayton, Missouri 63105
314-862-6800
FAX: 314-862-1606
green@stlouislaw.com
simeri@stlouislaw.com

-11-

# Exhibit B

PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
LAS VEGAS
LONDON
LOS ANGELES



**COZEN**

**O'CONNOR**

ATTORNEYS

NEW YORK
NEWARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
WASHINGTON, DC
WEST CONSHOHOCKEN
WILMINGTON

A PROFESSIONAL CORPORATION

SUITE 1400    CHASE MANHATTAN CENTRE    1201 NORTH MARKET STREET    WILMINGTON, DE 19801-1147
302.295.2000    888.207.2440    302.295.2013 FAX    www.cozen.com

April 6, 2006

**VIA FEDERAL EXPRESS**

**RECEIVED**

APR 0 7 2006

**JOAN M. GILMER**
**CIRCUIT CLERK, ST. LOUIS COUNTY**

**John T. Carroll, III**
Direct Phone 302.295.2028
Direct Fax    302.295.2013
jcarroll@cozen.com

Clerk's Office
St. Louis County Circuit Court
7900 Carondelet Avenue
Clayton, Missouri 63105

> **Re:**   **Gordon Quick et al v. Viziqor Solutions, Inc. et al**
> **Case No. 06-CC-000915-K-CV**
>
> **Subject matter:**
> **Woodmont Holdings, Inc., Case No. 06-10236 (MFW), U.S.B.C. Delaware**

Dear Sir/Madam:

Enclosed please find for filing an original and two (2) copies of a Suggestion of Bankruptcy and Notice of Automatic Stay for filing in the above matter. Kindly file same and return a time-stamped copy as proof of filing to me in the enclosed self-addressed stamped envelope.

If you have any questions, please don't hesitate in contacting me. Thank you.

Very truly yours,

COZEN O'CONNOR

By:   John P. Carroll, III

JTC/jld
Enclosure

cc:    Martin M. Green, Esquire (w/enc.)
       Alfred T. Giuliano, Trustee (w/enc.)
       Jeffrey L. Taylor, Esquire (w/enc.)
       Robert N. Michaelson, Esquire (w/enc.)
       Dawn Landry, Esquire (w/enc.)

WILM1\34232\1185132.000

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| GORDON QUICK,<br>WILLIAM MCCAUSLAND and<br>JOHN TRECKER, | : CASE NO. 06-CC-915-K-CV |
| | : |
| | : |
| Plaintiff | : |
| v. | : |
| | : |
| VIZIQOR SOLUTIONS, INC.,<br>WOODMONT HOLDINGS, INC.,<br>MICHAEL HUBER, and<br>QUADRANGLE GROUP, LLC | : |
| | : |
| Defendants | : |

## SUGGESTION OF BANKRUPTCY AND NOTICE OF AUTOMATIC STAY

TO THE CLERK OF THE COURT:

Woodmont Holdings, Inc., (the "Debtor") a named Defendant in the above matter, filed a

Voluntary Petition ("Petition") pursuant to Chapter 7 of Title 11 of the United States Code ("11

U.S.C.") on March 13, 2006 in the United States Bankruptcy Court for the District of Delaware,

Bankruptcy No. 06-10236 (MFW) and Alfred T. Giuliano has been appointed as the Chapter 7

Trustee (the "Trustee") for the estate of the Debtor. A true and correct copy of the Petition is

attached hereto, incorporated herein and marked as Exhibit "A".

Pursuant to 11 U.S.C. §362, any executions, judgments and all manner of actions of any

kind against the above-captioned Debtor/Defendant are automatically stayed.

COZEN O'CONNOR

BY:

John T. Carroll, III
1201 North Market Street
Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2028
Facsimile: (302) 295-2013

Counsel to Alfred T. Giuliano,
Chapter 7 Trustee for the Estate of
Woodmont Holdings, Inc. a/k/a
Viziqor Holdings, Inc.

Dated:  April 5, 2006

# EXHIBIT "A"

CASE NO. 06-10236

(Official Form 1) (10/05)

| United States Bankruptcy Court<br>District of  Delaware | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Woodmont Holdings, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br><br>Viziqor Holdings, Inc. and Daleen Holdings, Inc. | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all):  05-0606004 | Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br><br>2 Bethesda Metro Center<br>Suite 777<br>Bethesda, MD          ZIPCODE  20854 | Street Address of Joint Debtor (No. & Street, City, and State):<br><br>ZIPCODE |
| County of Residence or of the Principal Place of Business:<br>Montgomery | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><br>ZIPCODE | |

| Type of Debtor (Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check all applicable boxes.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☐ Individual (Includes Joint Debtors)<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and provide the information requested below.)<br><br>State type of entity: _____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Nonprofit Organization qualified under 26 U.S.C. § 501(c)(3) | ☑ Chapter 7    ☐ Chapter 11    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9    ☐ Chapter 12<br>☐ Chapter 13    ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| | Nature of Debts (Check one box) |
|---|---|
| | ☐ Consumer/Non-Business    ☑ Business |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2 million. |

Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY

☑ Debtor estimates that funds will be available for distribution to unsecured creditors.

☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

| Estimated Number of Creditors | 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|---|
| | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million | |
| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | |

| Estimated Debts | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million | |
| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | |

DOCKET NO. _____

DATE   3/13/06

(Official Form 1) (10/05)                                                                                    FORM B1, Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>Woodmont Holdings, Inc. |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 8 Years** (If more than one, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.<br>I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code. |
| ☐ Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)          Date |

| **Exhibit C** | **Certification Concerning Debt Counseling**<br>**by Individual/Joint Debtor(s)** |
|---|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and Exhibit C is attached and made a part of this petition.<br><br>☑ No | ☐ I/we have received approved budget and credit counseling during the 180-day period preceding the filing of this petition.<br><br>☐ I/we request a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances. (Must attach certification describing.) |

| **Information Regarding the Debtor (Check the Applicable Boxes)** |
|---|
| **Venue (Check any applicable box)** |
| ☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Statement by a Debtor Who Resides as a Tenant of Residential Property**<br>*Check all applicable boxes.* |
|---|
| ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.) |
| _____<br>(Name of landlord that obtained judgment) |
| _____<br>(Address of landlord) |
| ☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |

(Official Form 1) (10/05)

FORM B1, Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Woodmont Holdings, Inc. |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. <br><br> [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. <br><br> [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by § 342(b) of the Bankruptcy Code. <br><br> I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. <br><br> X _____ <br> **Signature of Debtor** <br><br> X _____ <br> **Signature of Joint Debtor** <br><br> _____ <br> Telephone Number (if not represented by attorney) <br><br> _____ <br> Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. <br><br> (Check only one box.) <br><br> ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by § 1515 of title 11 are attached. <br><br> ☐ Pursuant to § 1511 of title 11, United States Code, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. <br><br> X _____ <br> (Signature of Foreign Representative) <br><br> _____ <br> (Printed Name of Foreign Representative) <br><br> _____ <br> Date |

| Signature of Attorney | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X *Laura Davis Jones* <br> **Signature of Attorney for Debtor(s)** <br> Laura Davis Jones (DE Bar No. 2436) <br><br> Printed Name of Attorney for Debtor(s) <br> Pachulski, Stang, Ziehl, Young, Jones & Weintraub LLP <br><br> Firm Name  919 North Market Street, 17th Floor <br><br> Address  Wilmington, DE 19899-8705 <br><br> (302) 652-4100 <br> Telephone Number <br><br> 3/13/06 <br> Date | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached. <br><br> _____ <br> Printed Name and title, if any, of Bankruptcy Petition Preparer <br><br> _____ <br> Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.) <br><br> Address <br> X _____ <br><br> _____ <br> Date |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. <br><br> The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. <br><br> X _____ <br> **Signature of Authorized Individual** <br> Michael Gottdenker <br> Printed Name of Authorized Individual <br> CEO <br> Title of Authorized Individual <br> 3/13/06 <br> Date | Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose social security number is provided above. <br><br> Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual: <br><br> If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. <br><br> *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.* |

## UNANIMOUS RESOLUTIONS OF THE BOARD OF DIRECTORS OF
## WOODMONT HOLDINGS, INC.

At a special telephonic meeting of the Board of Directors of Woodmont Holdings, Inc., a Delaware corporation (the "Company"), held on February 2, 2006, the Board of Directors unanimously adopted the following resolutions:

WHEREAS, the Board of Directors has considered the financial and operational aspects of the Company's business including, in particular, that the Company no longer conducts operations and lacks sufficient assets to satisfy its obligations to its creditors:

NOW, THEREFORE, BE IT RESOLVED: That in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, stockholders and other interested parties, that a voluntary petition be filed by the Company under the provisions of chapter 7, title 11 of the United States Code.

BE IT FURTHER RESOLVED: That the officers of the Company be, and hereby are, authorized to execute and file on behalf of the Company all petitions, schedules, exhibits, lists and other papers or documents and to take any and all actions which they deem necessary or proper to obtain such relief under the provisions of title 11 of the United States Code.

BE IT FURTHER RESOLVED: That the officers of the Company be, and they hereby are, authorized and directed to employ the law firm of Kirkpatrick & Lockhart Nicholson Graham LLP ("KLNG") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under chapter 7, title 11 of the United States Code, and to take any and all actions to advance the Company's rights and, in connection therewith, the officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Company's chapter 7 petition.

BE IT FURTHER RESOLVED: That the officers of the Company be, and they hereby are, authorized and directed to employ a Delaware law firm acceptable to KLNG and the Chief Executive Officer of the Company as bankruptcy co-counsel to KLNG to represent and assist the Company in carrying out its duties under chapter 7, title 11 of the United States Code, and to take any and all actions to advance the Company's rights and, in connection therewith, the officers of the Company are hereby authorized and

directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Company's chapter 7 petition.

BE IT FURTHER RESOLVED: That the officers of the Company be, and they hereby are, authorized and empowered for, in the name of, and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such instruments as each, in his discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing.

BE IT FURTHER RESOLVED: That all of the acts and transactions relating to matters contemplated by the foregoing resolutions of the Board of Directors, in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before this resolution was certified, are hereby in all respects approved, ratified and confirmed.

This consent shall be filed with the minutes of the proceedings of the Company.

Dated:  February 2, 2006

_____
Amanda Siegel
Director

_____
Dennis Sisco
Director

_____
Michael Huber
Director

_____
Michael I. Gottdenker
Director

2

directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Company's chapter 7 petition.

BE IT FURTHER RESOLVED: That the officers of the Company be, and they hereby are, authorized and empowered for, in the name of, and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such instruments as each, in his discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing.

BE IT FURTHER RESOLVED: That all of the acts and transactions relating to matters contemplated by the foregoing resolutions of the Board of Directors, in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before this resolution was certified, are hereby in all respects approved, ratified and confirmed.

This consent shall be filed with the minutes of the proceedings of the Company.

Dated: February 2, 2006

Amanda Siegel
Director

Michael Huber
Director

Dennis Sisco
Director

Michael I. Gottdenker
Director

2

directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Company's chapter 7 petition.

BE IT FURTHER RESOLVED: That the officers of the Company be, and they hereby are, authorized and empowered for, in the name of, and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such instruments as each, in his discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing.

BE IT FURTHER RESOLVED: That all of the acts and transactions relating to matters contemplated by the foregoing resolutions of the Board of Directors, in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before this resolution was certified, are hereby in all respects approved, ratified and confirmed.

This consent shall be filed with the minutes of the proceedings of the Company.

Dated: February 2, 2006

---

Amanda Siegel
Director

Michael Huber
Director

---

Dennis Sisco
Director

Michael I. Gottdenker
Director

2

directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Company's chapter 7 petition.

BE IT FURTHER RESOLVED: That the officers of the Company be, and they hereby are, authorized and empowered for, in the name of, and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such instruments as each, in his discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing.

BE IT FURTHER RESOLVED: That all of the acts and transactions relating to matters contemplated by the foregoing resolutions of the Board of Directors, in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before this resolution was certified, are hereby in all respects approved, ratified and confirmed.

This consent shall be filed with the minutes of the proceedings of the Company.

Dated: February 2, 2006

_____
Amanda Siegel
Director

_____
Dennis Sisco
Director

_____
Michael Huber
Director

_____
Michael I. Gottdenker
Director

2

## CERTIFICATE

The undersigned, Michael I. Gottdenker, Chief Executive Officer of Woodmont Holdings, Inc., a Delaware corporation (the "Company"), hereby certifies as follows:

1.      I am the Chief Executive Officer of the Company and, as such, am familiar with the facts herein certified and am duly authorized to certify same on behalf of the Company.

2.      Attached hereto is a true, complete and correct copy of the resolutions of the Board of Directors of the Company, unanimously adopted, in accordance with the By-Laws of the Company.

3.      Such resolutions have not been amended, altered, annulled, rescinded or revoked and are in full force and effect as of the date hereof. There exist no other subsequent resolutions of the Board of Directors of the Company relating to the matters set forth in the resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the __ day of February 2006.

Michael I. Gottdenker
Chief Executive Officer

## CERTIFICATE

The undersigned, Michael I. Gottdenker, Chief Executive Officer of Woodmont Holdings, Inc., a Delaware corporation (the "Company"), hereby certifies as follows:

1.    I am the Chief Executive Officer of the Company and, as such, am familiar with the facts herein certified and am duly authorized to certify same on behalf of the Company.

2.    Attached hereto is a true, complete and correct copy of the resolutions of the Board of Directors of the Company, unanimously adopted, in accordance with the By-Laws of the Company.

3.    Such resolutions have not been amended, altered, annulled, rescinded or revoked and are in full force and effect as of the date hereof.  There exist no other subsequent resolutions of the Board of Directors of the Company relating to the matters set forth in the resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the __ day of February 2006.

Michael I. Gottdenker
Chief Executive Officer

NY-222208 v4 0307171-0100

RECEIVED AND FILED
CIRCUIT COURT OF

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI
2006 APR -5  PM 3: 10

GORDON QUICK, et al.,                 )
                                      )      JOAN M. GILMER
            Plaintiffs,               )      CIRCUIT CLERK
                                      )      Cause No. 06CC-000915
                                      )
v.                                    )
                                      )      Division 3
VIZIQOR SOLUTIONS, INC.,              )
et al.,                               )
                                      )
            Defendants.               )

## **M E M O**

Plaintiffs file Returns of Service of Summons on Defendants Viziqor Solutions, Inc., Michael Huber and Quadrangle Group, LLC.

GREEN, SCHAAF & JACOBSON, P.C.

By: _Martin N. Green_____
Martin M. Green #16465
James J. Simeri #52506
Attorneys for Plaintiffs
7733 Forsyth Boulevard, Suite 700
Clayton, Missouri 63105
314-862-6800
FAX: 314-862-1606
green@stlouislaw.com
simeri@stlouislaw.com

## BROWARD COUNTY SHERIFF'S OFFICE
P.O. BOX 9507   FORT LAUDERDALE, FLORIDA 33310

**RETURN OF SERVICE**

24

| Judgment: | Service Sheet # |
|---|---|
| **10090** | 06-019308 |

GUICK, GORDON vs. VIZIGOR SOLUTIONS INC, ETAL          06-CC-915-K-C

| PLAINTIFF | VS. | DEPENDANT | CASE |
| SUM/PETITION/OS | | CIRCUIT/ | |

| TYPE OF WRIT | COURT | HEARING DATE |
| VIZIGOR SOLUTIONS INC. | 1200 S PINE ISLAND ROAD | |
| **SERVE** | PLANTATION, FL 33324 | |
| C.T CORP SYSTEM, REG. AGENT | | |

Received this process on

3/20/2006

| | Date |
| 315232 | |
| GREEN, SCHAFF & JACOBSON PC | ☒ Served |
| 7733 FORSYTH BLVD. | |
| CLAYTON , MO 63105 | ☐ Not Served — see comments |
| | 03-21-06        at        0950 |
| | Date        Time |

2059   Attorney

VIZIGOR SOLUTIONS INC.C.T CORP SYSTEM, REG. AGENT

In Broward County, Florida, by serving the within named person a true copy of the writ, with the date and time of service endorsed thereon by me, and a copy of the complaint, petition, or initial pleading, by the following method:

☐ **INDIVIDUAL SERVICE**

**SUBSTITUTE SERVICE:**
☐ At the defendant's usual place of abode on "any person residing therein who is 15 years of age or older", to wit:

_____, in accordance with F.S. 48.031(1)(a)

☐ To _____, the defendant's spouse, at _____ in accordance with F.S. 48.031(2)(a)

☐ To _____, the person in charge of the defendant's business in accordance with F.S. 48.031(2)(b), after two or more attempts to serve the defendant have been made at the place of business

**CORPORATE SERVICE:**

☐ To _____, holding the following position of said corporation _____ in the absence of any superior officer in accordance with F.S. 48.081

☐ To _____, an employee of defendant corporation in accordance with F.S. 48.081(3)

☒ To CT Corp System, as resident agent of said corporation in accordance with F.S. 48.091

☐ **PARTNERSHIP SERVICE:** To _____, partner, or to _____, designated employee or person in charge of partnership, in accordance with F.S. 48.061(1)

☐ **POSTED RESIDENTIAL:** By attaching a true copy to a conspicuous place on the property described in the complaint or summons. Neither the tenant nor a person residing therein 15 years of age or older could be found at the defendant's usual place of abode in accordance with F.S. 48.183

*FILED*
*APR 1 5 2006*
*JOAN M. GILMER*
*CIRCUIT CLERK, ST. LOUIS COUNTY*

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

GUICK, GORDON ETAL

      PLAINTIFF

          VS

VIZIGOR SOLUTIONS INC ETAL

      DEFENDANT

06CC-000915 KECV

CASE NUMBER



## S U M M O N S   F O R   S E R V I C E   O U T S I D E   T H E   S T A T E

THE STATE OF MISSOURI TO:  DEFENDANT  (1)

    VIZIGOR SOLUTIONS INC
    CT CORPORATION SYSTEM - REG
    1200 SOUTH PINE ISLAND RD
    PLANTATION FL 33024

    YOU ARE SUMMONED TO APPEAR BEFORE THIS COURT AND TO FILE YOUR PLEADING TO
THE PETITION, COPY OF WHICH IS ATTACHED, AND TO SERVE A COPY OF YOUR PLEADING
UPON THE ATTORNEY OR PARTY WHOSE NAME AND ADDRESS IS LISTED BELOW ALL WITHIN
30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE OF THE DAY OF
SERVICE.  IF YOU FAIL TO FILE YOUR PLEADING, JUDGMENT BY DEFAULT MAY BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITON.

******SPECIAL NEEDS PHONE NUMBERS CHANGE EFFECTIVE 9-13-99 AS FOLLOWS*******
CIRCUIT CLERK'S OFFICE 314/615-8029; FAX 314/615-8739; TTY 314/615-4567

DATE ISSUED: MARCH 10, 2006

ATTORNEY:

MARTIN M GREEN
GREEN SCHAAF AND JACOBSON
SUITE 700
7733 FORSYTH BLVD
CLAYTON MO 63105
(314) 862-6800

**JOAN M. GILMER,** Circuit Clerk

By _Karen Matteson_
Deputy Clerk

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the
Office of the Circuit Clerk at 314/615-8029, FAX 314/615-8739, or TTY at 314/615-4567, at least three business days
in advance of the court proceeding.**

CIRCUIT COURT. ST. LOUIS COUNTY, STATE OF MISSOURI.

Quick, Gordon Et al

Plaintiff/Petitioner

Vs

Vizigor Solutions Inc Et al

Defendant/Respondent

FILED

APR 05 2006

JOAN M. GILMEH
CIRCUIT CLERK, ST. LOUIS COUNTY

**AFFIDAVIT OF SERVICE**

Sheriff's Case No. M06-0737

No. 06CC-000915 KCV

STATE OF NEW YORK }
COUNTY OF NEW YORK } SS:

Wayne Price being duly sworn, affirms that he/she is a Deputy Sheriff of the City of New York, being over the age of eighteen years, is not a party to this action or proceeding, and served the annexed, _Summons and Petition_ in the above titled action or proceeding on the _27_ day of _March_, 20 _06_, at approximately _12:50_ a.m.(p.m), at _375 Park Ave_, in the borough of Manhattan, County of New York, service was made upon _Quadrangle Group LLC_, the defendant/respondent, in the following manner:

| | | |
|---|---|---|
| PERSONAL SERVICE | [ ] | By delivering to and leaving with the above named defendant/respondent personally a true copy thereof, said person being known as the person mentioned and described herein. |
| ALTERNATE PERSON | [ ] | By delivering to and leaving a true copy thereof with, _____, a person of suitable age and discretion, who is _____ to the defendant/respondent. Said address is the dwelling place/place of business of the party served. |
| AFFIXED TO PREMISES | [ ] | By affixing a true copy thereof to the door of the above mentioned address, said address being the [ ] dwelling place [ ] place of business of the defendant/respondent. |
| MAILED | [ ] | On _____ I mailed the _____ by first class mail to the defendant/respondent at his/her last known residence/actual place of business in an envelope bearing the legend "PERSONAL AND CONFIDENTIAL" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the defendant/respondent. |
| CORPORATION | [X] | By delivering to and leaving with, _Jessica Mijaro_, a true copy thereof. Said person stated he/she is the _____, an agent authorized to accept service of legal process. |
| STATUTORY FEE | [ ] | At the time of service, a statutory fee of $_____ was also left with the person mentioned and described herein. |
| OTHER: | [ ] | _____ |
| DESCRIPTION | [X] | The person served is a [ ] Male [X] Female and approximately: Age _27_ Height _5'5"_ Weight: _160_ Skin _Light_ Hair: _Brown_ |

NOTARY

Sworn to (affirmed) before me this _30_ day of _March_, 20 _06_

DEPUTY SHERIFF

8/29/98

Notary ... New York
No. ...
Qualified ... nty
Commi... 2 ... 10

Casc 10
CB
3-21-06

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

QUICK, GORDON ETAL

06CC-000915 K CV
---------------------------
PLAINTIFF                                           CASE NUMBER

VS

VIZIQOR SOLUTIONS INC ETAL
-----------------------------------------
DEFENDANT

S U M M O N S   F O R   S E R V I C E   O U T S I D E   T H E   S T A T E

THE STATE OF MISSOURI TO:   DEFENDANT   (4)

QUADRANGLE GROUP LLC
375 PARK AVENUE
NEW YORK NY 10152

YOU ARE SUMMONED TO APPEAR BEFORE THIS COURT AND TO FILE YOUR PLEADING TO
THE PETITION, COPY OF WHICH IS ATTACHED, AND TO SERVE A COPY OF YOUR PLEADING
UPON THE ATTORNEY OR PARTY WHOSE NAME AND ADDRESS IS LISTED BELOW ALL WITHIN
30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE OF THE DAY OF
SERVICE.   IF YOU FAIL TO FILE YOUR PLEADING, JUDGMENT BY DEFAULT MAY BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITON.

******SPECIAL NEEDS PHONE NUMBERS CHANGE EFFECTIVE 9-13-99 AS FOLLOWS********
CIRCUIT CLERK'S OFFICE 314/615-8029; FAX 314/615-8739; TTY 314/615-4567

DATE ISSUED: MARCH 10, 2006
-------------------------------------------
ATTORNEY:

MARTIN M GREEN
GREEN SCHAAF AND JACOBSON
SUITE 700
7733 FORSYTH BLVD
CLAYTON MO 63105
(314) 862-6800

**JOAN M. GILMER,** Circuit Clerk

By _Karen Matteson_

Deputy Clerk

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the
Office of the Circuit Clerk at 314/615-8029, FAX 314/615-8739, or TTY at 314/615-4567, at least three business days
in advance of the court proceeding.**

WHITE - Sheriff's Return                    YELLOW - Service Copy                    PINK - Court File

_Circuit_ COURT, _St. Louis_ COUNTY, STATE OF _Missouri_.

Quick, Gordon ET AL
_____
Plaintiff/Petitioner

Vs

Vizigor Solutions, Inc, ETAL
_____
Defendant/Respondent

FILED

APR 0 5 2006

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

**AFFIDAVIT OF SERVICE**

Sheriffs Case No. _M06- 0737_

Index No _06CC - 000915-KCV_

STATE OF NEW YORK }
COUNTY OF NEW YORK } SS:

_Wayne Price_ being duly sworn, affirms that he/she is a Deputy Sheriff of the City of New York, being over the age of eighteen years, is not a party to this action or proceeding, and served the annexed, _Summons and Petition_ in the above titled action or proceeding on the _27_ day of _March_, 20_06_, at approximately _12:50_ a.m./p.m., at _375 Park ave_, in the borough of Manhattan, County of New York, service was made upon _Michael Huber_, the defendant/respondent, in the following manner:

| PERSONAL SERVICE | [ ] | By delivering to and leaving with the above named defendant/respondent personally a true copy thereof, said person being known as the person mentioned and described herein. |
|---|---|---|
| **ALTERNATE PERSON** | [✗] | By delivering to and leaving a true copy thereof with, _Jessica Mijaro_, a person of suitable age and discretion, who is _Co-worker_ to the defendant/respondent. Said address is the dwelling place/place of business of the party served. |
| **AFFIXED TO PREMISES** | [ ] | By affixing a true copy thereof to the door of the above mentioned address, said address being the [ ] dwelling place [ ] place of business of the defendant/respondent. |
| **MAILED** | [✗] | On _3/27/06_ I mailed the _Summons Petition_ by first class mail to the defendant/respondent at his/her last known residence/actual place of business in an envelope bearing the legend "PERSONAL AND CONFIDENTIAL" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the defendant/respondent. |
| CORPORATION | [ ] | By delivering to and leaving with, _____, a true copy thereof. Said person stated he/she is the _____, an agent authorized to accept service of legal process. |
| STATUTORY FEE | [ ] | At the time of service, a statutory fee of $_____ was also left with the person mentioned and described herein. |
| OTHER: | [ ] | |
| DESCRIPTION | [✗] | The person served is a [ ] Male [✗] Female and approximately: Age _27_ Height _5'5"_ Weight _160/b_ Skin _Light_ Hair: _Brown_ |

NOTARY

Sworn to (affirmed) before me this
_30_ day of _MARCH_, 20_06_

DEPUTY SHERIFF

8/29/98

LUIS ~. ~~. CIANO
Notary P~bl~c, Sta~ ~f New York
No. ~~~~ ~ ~55
Qualified · Bronx ~nty
Commi~ ~n E~p~r~s ~ ~ ~/0

Cascio
(CR)
3-21-06

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

QUICK, GORDON ETAL
_____

              PLAINTIFF

                  VS

VIZIGOR SOLUTIONS INC ETAL
_____

              DEFENDANT

0600-000915 K CV
_____

          CASE NUMBER

## S U M M O N S   F O R   S E R V I C E   O U T S I D E   T H E   S T A T E

THE STATE OF MISSOURI TO:  DEFENDANT  (S)

        MICHAEL HUBER
        375 PARK AVENUE
        NEW YORK NY 10152

        YOU ARE SUMMONED TO APPEAR BEFORE THIS COURT AND TO FILE YOUR PLEADING TO
THE PETITION, COPY OF WHICH IS ATTACHED, AND TO SERVE A COPY OF YOUR PLEADING
UPON THE ATTORNEY OR PARTY WHOSE NAME AND ADDRESS IS LISTED BELOW ALL WITHIN
30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE OF THE DAY OF
SERVICE.  IF YOU FAIL TO FILE YOUR PLEADING, JUDGMENT BY DEFAULT MAY BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITON.

*****SPECIAL NEEDS PHONE NUMBERS CHANGE EFFECTIVE 9-13-99 AS FOLLOWS*******
CIRCUIT CLERK'S OFFICE 314/615-8029; FAX 314/615-8739; TTY 314/615-4567

        DATE ISSUED: MARCH 10, 2006
        _____

        ATTORNEY:

        MARTIN M GREEN
        GREEN SCHAAF AND JACOBSON
        SUITE 700
        7733 FORSYTH BLVD
        CLAYTON MO 63105
        (314) 862-6800



**JOAN M. GILMER,** Circuit Clerk

By _Karen Natteson_
Deputy Clerk

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the
Office of the Circuit Clerk at 314/615-8029, FAX 314/615-8739, or TTY at 314/615-4567, at least three business days
in advance of the court proceeding.**

**WHITE - Sheriff's Return**          **YELLOW - Service Copy**          **PINK - Court File**

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

QUICK, GORDON ETAL
----------------------------------------
      PLAINTIFF

      VS

VIZIGOR SOLUTIONS INC ETAL
----------------------------------------
      DEFENDANT

06CC-000915 K CV
--------------------
    CASE NUMBER

## S U M M O N S   F O R   S E R V I C E   O U T S I D E   T H E   S T A T E

THE STATE OF MISSOURI TO:  DEFENDANT  (1)

    VIZIGOR SOLUTIONS INC
    CT CORPORATION SYSTEM - REG
    1200 SOUTH PINE ISLAND RD
    PLANTATION FL 33324

    YOU ARE SUMMONED TO APPEAR BEFORE THIS COURT AND TO FILE YOUR PLEADING TO
THE PETITION, COPY OF WHICH IS ATTACHED, AND TO SERVE A COPY OF YOUR PLEADING
UPON THE ATTORNEY OR PARTY WHOSE NAME AND ADDRESS IS LISTED BELOW ALL WITHIN
30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE OF THE DAY OF
SERVICE.  IF YOU FAIL TO FILE YOUR PLEADING, JUDGMENT BY DEFAULT MAY BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITON.

******SPECIAL NEEDS PHONE NUMBERS CHANGE EFFECTIVE 9-13-99 AS FOLLOWS******
CIRCUIT CLERK'S OFFICE 314/615-8029; FAX 314/615-8739; TTY 314/615-4567

DATE ISSUED: MARCH 10, 2006
---------------------------------
ATTORNEY:

MARTIN M GREEN
GREEN SCHAAF AND JACOBSON
SUITE 700
7733 FORSYTH BLVD
CLAYTON MO 63105
(314) 862-6800



**JOAN M. GILMER,** Circuit Clerk

By      Daren Matteson
Deputy Clerk

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314/615-8029, FAX 314/615-8739, or TTY at 314/615-4567, at least three business days in advance of the court proceeding.**

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

QUICK, GORDON ETAL
----------------------------------------
      PLAINTIFF

      VS

VIZIGOR SOLUTIONS INC ETAL
----------------------------------------
      DEFENDANT

0600-000915 M CV
--------------------
    CASE NUMBER

## S U M M O N S   F O R   S E R V I C E   O U T S I D E   T H E   S T A T E

THE STATE OF MISSOURI TO:  DEFENDANT  (2)

    WOODMONT HOLDINGS INC
    FKA — VIZIGOR HOLDINGS INC
    2 BETHESDA METRO CENTER
    BETHESDA MD 20854

    YOU ARE SUMMONED TO APPEAR BEFORE THIS COURT AND TO FILE YOUR PLEADING TO
THE PETITION, COPY OF WHICH IS ATTACHED, AND TO SERVE A COPY OF YOUR PLEADING
UPON THE ATTORNEY OR PARTY WHOSE NAME AND ADDRESS IS LISTED BELOW ALL WITHIN
30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE OF THE DAY OF
SERVICE.   IF YOU FAIL TO FILE YOUR PLEADING, JUDGMENT BY DEFAULT MAY BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITON.

*******SPECIAL NEEDS PHONE NUMBERS CHANGE EFFECTIVE 9-13-99 AS FOLLOWS*******
CIRCUIT CLERK'S OFFICE 314/615-8029; FAX 314/615-8739; TTY 314/615-4567

DATE ISSUED: MARCH 10, 2006
----------------------------------------
ATTORNEY:

MARTIN M GREEN
GREEN SCHAAF AND JACOBSON
SUITE 700
7733 FORSYTH BLVD
CLAYTON MO 63105
(314) 862-6800

**JOAN M. GILMER,** Circuit Clerk

By _____
    Deputy Clerk

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314/615-8029, FAX 314/615-8739, or TTY at 314/615-4567, at least three business days in advance of the court proceeding.**

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

QUICK, GORDON ETAL                                    0600-000915 M CV
--------------------------------------                ------------------
        PLAINTIFF                                        CASE NUMBER

            VS

VIZIQOR SOLUTIONS INC ETAL
--------------------------------------
        DEFENDANT

   S U M M O N S    F O R    S E R V I C E    O U T S I D E    T H E    S T A T E

THE STATE OF MISSOURI TO:   DEFENDANT   (3)

        MICHAEL HUBER
        375 PARK AVENUE
        NEW YORK NY 10152


        YOU ARE SUMMONED TO APPEAR BEFORE THIS COURT AND TO FILE YOUR PLEADING TO
THE PETITION, COPY OF WHICH IS ATTACHED, AND TO SERVE A COPY OF YOUR PLEADING
UPON THE ATTORNEY OR PARTY WHOSE NAME AND ADDRESS IS LISTED BELOW ALL WITHIN
30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE OF THE DAY OF
SERVICE.   IF YOU FAIL TO FILE YOUR PLEADING, JUDGMENT BY DEFAULT MAY BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITON.

******SPECIAL NEEDS PHONE NUMBERS CHANGE EFFECTIVE 9-13-99 AS FOLLOWS*******
CIRCUIT CLERK'S OFFICE 314/615-8029; FAX 314/615-8739; TTY 314/615-4567



        DATE ISSUED: MARCH 10, 2006
        --------------------------------------
        ATTORNEY:

        MARTIN M GREEN
        GREEN SCHAAF AND JACOBSON
        SUITE 700
        7733 FORSYTH BLVD
        CLAYTON MO 63105
        (314) 862-6800




                              **JOAN M. GILMER**, Circuit Clerk


                         By  _Karen Matteson_
                              Deputy Clerk


**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the
Office of the Circuit Clerk at 314/615-8029, FAX 314/615-8739, or TTY at 314/615-4567, at least three business days
in advance of the court proceeding.**

WHITE - Sheriff's Return                    YELLOW - Service Copy                    PINK - Court File

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

GUICK, GORDON ETAL

--------------------------------------------

PLAINTIFF

VS

VIZIQOR SOLUTIONS INC ETAL

--------------------------------------------

DEFENDANT

06CC-000915 K CV

---------------------

CASE NUMBER

S U M M O N S   F O R   S E R V I C E   O U T S I D E   T H E   S T A T E

THE STATE OF MISSOURI TO:   DEFENDANT   (4)

       QUADRANGLE GROUP LLC
       375 PARK AVENUE
       NEW YORK NY 10152

       YOU ARE SUMMONED TO APPEAR BEFORE THIS COURT AND TO FILE YOUR PLEADING TO
THE PETITION, COPY OF WHICH IS ATTACHED, AND TO SERVE A COPY OF YOUR PLEADING
UPON THE ATTORNEY OR PARTY WHOSE NAME AND ADDRESS IS LISTED BELOW ALL WITHIN
30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE OF THE DAY OF
SERVICE.   IF YOU FAIL TO FILE YOUR PLEADING, JUDGMENT BY DEFAULT MAY BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITON.

******SPECIAL NEEDS PHONE NUMBERS CHANGE EFFECTIVE 9-13-99 AS FOLLOWS******
CIRCUIT CLERK'S OFFICE 314/615-8029; FAX 314/615-8739; TTY 314/615-4567

       DATE ISSUED: MARCH 10, 2006
       ----------------------------------------
       ATTORNEY:

       MARTIN M GREEN
       GREEN SCHAAF AND JACOBSON
       SUITE 700
       7733 FORSYTH BLVD
       CLAYTON MO 63105
       (314) 862-6800

**JOAN M. GILMER,** Circuit Clerk

By _____
Deputy Clerk

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the
Office of the Circuit Clerk at 314/615-8029, FAX 314/615-8739, or TTY at 314/615-4567, at least three business days
in advance of the court proceeding.**

WHITE - Sheriff's Return          YELLOW - Service Copy          PINK - Court File

# In the
# CIRCUIT COURT
## of St. Louis County, Missouri

This Circuit Civil/Equity Cover Sheet and the information contained herein neither replaces nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is require by the Clerk of this Court for the purpose of initiating case processing. (See instructions below.)

**06CC-000915**

Case Number

Division

For File Stamp Only

2006 MAR -3 P 4: 14

CIRCUIT CLERK

## Circuit Civil/Equity Cover Sheet

| | |
|---|---|
| **1. PLAINTIFF(S)**<br>GORDON QUICK, WILLIAM McCAUSLAND and JOHN TRECKER | **DEFENDANT(S)**<br>VIZICOP SOLUTIONS, INC., WOODMONT HOLDINGS, INC., MICHAEL HUBER and QUADRANGLE GROUP, LLC |
| First Plaintiff's:<br>(b) Address 800 South Hanley Road, 4E<br>Clayton, MO 63105<br><br>Telephone 314-721-4440<br>(c) Attorney Martin M. Green<br>Bar # 16465<br>Firm Green, Schaaf & Jacobson, P.C.<br>Address 7733 Forsyth Blvd., Suite 700<br>Clayton, MO 63105<br>Telephone 314-862-6800<br>Fax # 314-862-1606 | First Defendant's:<br>(b) Address 14500 South Outer Forty, #300<br>Chesterfield, MO 63017<br><br>Telephone 314-628-2700<br>(c) Attorney _____<br>Bar # _____<br>Firm _____<br>Address _____<br>Telephone _____<br>Fax # _____ |

## 2. NATURE OF ACTION CODE (PLACE AN "X" IN ONLY ONE BOX)

**CIVIL**
- ☐ 10100 PERSONAL INJURY VEHICULAR
- ☐ 10200 PERSONAL INJURY PRODUCT LIA.
- ☐ 10300 PERSONAL INJURY MALPRACTICE
- ☐ 10400 PERSONAL INJURY OTHER
- ☐ 11000 PROPERTY DAMAGE
- ☐ 11100 WRONGFUL DEATH
- ☐ 11900 TORT – OTHER
- ☐ 11910 INTENTIONAL TORT
- ☒ 20100 SUIT ON CONTRACT
- ☐ 20101 AGREEMENT
- ☐ 20105 ACCOUNT
- ☐ 20110 NOTE

- ☐ 40100 SUIT- ENFORCE MECHANIC'S LIEN
- ☐ 40200 EMINENT DOMAIN – STATE
- ☐ 40210 EMINENT DOMAIN – COUNTY
- ☐ 40220 EMINENT DOMAIN – OTHER
- ☐ 40230 EXCEPTION
- ☐ 70100 REG OF FOREIGN JUDGMENT–CV
- ☐ 70200 TAX ACTION
- ☐ 70400 SMALL CLAIMS TRIAL DE NOVO
- ☐ 70500 POST-CONV RELIEF –RULE 24.035
- ☐ 70505 POST-CONV RELIEF-RULE 29.15
- ☐ 71900 MISC. – CV
- ☐ 71920 REPLEVIN
- ☐ 71925 WILL CONTEST
- ☐ 71935 PRO FORMA DECREE
- ☐ 71971 TRIAL DE NOVO FROM ASSOC DIV
- ☐ 71999 MISC CV–SUBPOENA/FOREIGN JUR

**EQUITY**
- ☐ 51900 OTHER ADMINISTRATIVE REVIEW
- ☐ 41900 OTHER REAL ESTATE
- ☐ 41910 FORECLOSURE
- ☐ 41920 QUIET TITLE
- ☐ 41930 EJECTMENT
- ☐ 41940 PARTITION
- ☐ 50100 HABEAS CORPUS
- ☐ 50120 MANDAMUS
- ☐ 50200 INJUNCTION
- ☐ 50210 TEMPORARY RESTRAINING ORDER

- ☐ 50300 DECLARATORY JUDGMENT
- ☐ 51900 OTHER EXTRAORDINARY REMEDY
- ☐ 51910 PROHIBITION
- ☐ 70600 EXPUNGEMENT- ARREST RECORD
- ☐ 71910 FORFEITURE
- ☐ 71916 INTERNAL AFFAIRS
- OF TRUST (PROBATE - DIV)
- ☐ 71930 SPECIFIC PERFORMANCE
- ☐ 71940 MISC – EQ
- ☐ 71950 WRIT OF CERTIORARI
- ☐ 71977 MISC EQ-STUDENT TRIAL DE NOVO

Signature of Person Filing: _Martin M. Green_

## Instructions for Completing Circuit Civil/Equity Cover Sheet

As part of our reporting requirements to the Missouri Supreme Court and the Office of the State Courts Administrator you are required to complete and submit this Circuit Civil/Equity Cover Sheet at the time you file your cause of action. Your cause of action will not be accepted and/or processed unless it is accompanied by this Circuit Civil/Equity Cover Sheet at the time of filing. The person, or attorney, filing the cause of action should complete the form as follows:

1. Plaintiff(s)/Defendant(s): Enter the names (last, first, middle initial) of plaintiff(s) and defendant(s). If the plaintiff or defendant is a:
   - Corporation – Include the name of the registered agent or corporate officer.
   - Government Agency – Use only the full name or standard abbreviations.
   - Government Official – Identify the Agency and then the official, giving both title and name.
   - If all the parties' names cannot fit on this form, list them on an attachment, noting in this section "see attachment."
   - (b) **Address** Enter the address, telephone number, of the first plaintiff and defendant, include zip code.
   - (c) **Attorneys** Enter the firm name, address, zip code, telephone & fax number, and bar number(s) of the attorney(s) of record. If there are several attorneys, list them on an attachment, noting in this section "see attachment."
2. Nature of Action. Place an "x" in the one appropriate box which corresponds to the type of action you are filing.
3. **NOTE: If there are multiple counts in the petition that are considered both Civil and Equity, it is the responsibility of the filing party to choose the one appropriate nature of action. The assignment of the case is subject to review by the Presiding Judge. Based on a review, the case may be reassigned.**

CCCDT222    02/05

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| GORDON QUICK, WILLIAM MCCAUSLAND and JOHN TRECKER, | ) ) ) ) | |
| Plaintiffs, | ) ) | Cause No. |
| v. | ) ) | Division |
| VIZIQOR SOLUTIONS, INC., Serve: CT Corporation System, Reg. Agent 1200 South Pine Island Road Plantation, Florida 33324 (Broward County) | ) ) ) ) ) ) ) | |
| WOODMONT HOLDINGS, INC., f/k/a Viziqor Holdings, Inc., Serve: 2 Bethesda Metro Center Bethesda, MD 20854 (Montgomery County) | ) ) ) ) ) ) | |
| MICHAEL HUBER, Serve: 375 Park Avenue New York, NY 10152 (New York County) | ) ) ) ) ) | |
| and | ) ) | |
| QUADRANGLE GROUP, LLC, Serve: 375 Park Avenue New York, NY 10152 (New York County) | ) ) ) ) ) | |
| Defendants. | ) | |

## PETITION

## GENERAL ALLEGATIONS

1.      Plaintiff Gordon Quick ("Quick") is an individual who resides in St. Louis County, Missouri. Quick was formerly employed by Viziqor Solutions, Inc. until he was terminated without cause on November 15, 2005.

2.      Plaintiff William McCausland ("McCausland") is an individual who resides in St. Louis County, Missouri. McCausland was formerly employed by Viziqor Solutions, Inc. until he was terminated without cause on December 6, 2005.

3.      Plaintiff John Trecker ("Trecker") is an individual who resides in St. Louis County, Missouri. Trecker was formerly employed by Viziqor Solutions, Inc. until he was terminated without cause on December 6, 2005.

4.      Defendant Woodmont Holdings, Inc., f/k/a Viziqor Holdings, Inc. ("Holdings"), is a Delaware corporation, with its principal place of business in Bethesda, Maryland. At all material times, Holdings was the alter ego of Solutions.

5.      Defendant Viziqor Solutions, Inc. ("Solutions") is a Delaware corporation. Holdings owned all of the capital stock of Solutions consisting of 100 shares of common stock until December 2005, when it sold Solutions to Formula Telecom Solutions, Ltd. ("Telecom").

6.      Defendant Michael Huber is a resident of New York, New York. He is employed by Defendant Quadrangle Group, LLC. At all material times, he was the representative of Quadrangle, the controlling shareholder of Holdings and a member

-2-

of its Board of Directors. Until Solutions was sold to Telecom, he always acted in the capacity of Chief Executive Officer of Solutions and was a member of its Board of Directors.

7.      Defendant Quadrangle Group, LLC ("Quadrangle") is a limited liability company engaged in the investment banking business. Its principal offices are at 375 Park Avenue, New York, New York. At all material times, Quadrangle was the owner of approximately 56% of the capital stock of Holdings. Quadrangle was paid a management fee for its "services" to Holdings. As Huber's employer, Quadrangle is vicariously liable for the conduct of Huber, as hereafter set forth.

8.      The Court has personal jurisdiction over Defendants under § 506.500, R.S.Mo. because Plaintiffs' claims arise from the Defendants' transaction of business within Missouri, the Defendants' making of contracts within Missouri and the Defendants' commission of tortious acts within Missouri.

9.      Venue in the St. Louis County Circuit Court is proper under §508.010(4), R.S.Mo. Since all Defendants are non-residents of Missouri, venue is proper in any Missouri county.

10.     Holdings entered into employment agreements and retention bonus agreements with each Plaintiff. Although Holdings executed the agreements with each Plaintiff and was the named employer therein, Holdings was nothing more than the alter ego of Solutions:

-3-

(A)     All of the obligations and responsibilities of Holdings to Plaintiffs under the Employment Agreements and Retention Bonus Agreements were assumed and carried out by Solutions.

(B)     Plaintiffs were employed by and worked for Solutions.

(C)     Holdings had no business operations and was not adequately financed. Its only function was to hold the capital stock of several subsidiaries, including Solutions.

(D)     Holdings and Solutions had common interlocking directors and officers.

(E)     Holdings' revenues and income were derived primarily from its wholly owned subsidiary, Solutions.

(F)     Solutions paid virtually all expenses and obligations of Holdings.

(G)     Both Holdings and Solutions occupied the same offices. The only listing in the telephone directories was for "Viziqor Solutions".

(H)     All correspondence for both Holdings and Solutions utilized letterheads and bill heads bearing the name "Viziqor Solutions."

(I)     Quadrangle's management fees were paid by Solutions.

(J)     Plaintiff's salary and other benefits were paid by Solutions. Plaintiffs' W-2 statements showed Solutions, not Holdings, as their employer.

(K)     Other terminated executives who had Employment Agreements signed by Holdings were paid their severance compensation by Solutions.

-4-

11.     Solutions completely dominated all policy and business practices relating to the employment of Plaintiffs. Holdings had no separate mind, will or existence of its own with respect to Plaintiffs' employment and retention bonus agreements. The exercise of control by Solutions was done by Holdings and Solutions for the improper and wrongful purpose of insuring that Holdings would not have the financial wherewithal to compensate Plaintiffs under their employment agreements. Such reckless disregard for the rights of Plaintiffs on the part of Holdings and Solutions was dishonest and in contravention of Plaintiffs' legal rights. Unless the Court disregards the corporate form of Holdings, and holds Solutions equally responsible to Plaintiffs under the employment and retention bonus agreements, the result would constitute an injustice to Plaintiffs.

12.     As a direct and proximate result of Solutions' use of Holdings as its alter ego, Plaintiffs have sustained injuries and losses as hereinafter set forth.

## COUNT I
### (Breach of Contract against Solutions and Holdings)

For their first and separate causes of action against Solutions and Holdings, Plaintiffs state:

13.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 12 as if more fully set forth herein.

14.     In or about October, 2004, Quick entered into an Employment Agreement with Holdings (f/k/a Daleen Holdings, Inc.). At all times material to this Petition,

Holdings was the alter ego of Solutions who was the *de facto* employer of Quick. Solutions assumed all obligations to Quick under the Agreement.

15.     On or about August, 2005, Quick entered into a Retention Bonus Agreement with Holdings. At all times material to this Petition, Holdings was the alter ego of Solutions who was the *de facto* employer of Quick and obligated to Quick under the terms of the Retention Bonus Agreement.

16.     On or about October 15, 2004, McCausland entered into an Employment Agreement with Holdings. At all times material to this Petition, Holdings was the alter ego of Solutions who was the *de facto* employer of McCausland. Solutions assumed all obligations to McCausland under the Agreement.

17.     On or about August 29, 2005, McCausland entered into a Retention Bonus Agreement with Holdings. At all times material to this Petition, Holdings was the alter ego of Solutions who was the *de facto* employer of McCausland and obligated to McCausland under the terms of the Retention Bonus Agreement.

18.     In or about October, 2004, Trecker entered into an Employment Agreement with Holdings. At all times material to this Petition, Holdings was the alter ego of Solutions who was the *de facto* employer of Trecker. Solutions assumed all obligations to Trecker under the Agreement.

19.     On or about August 29, 2005, Trecker entered into a Retention Bonus Agreement with Holdings. At all times material to this Petition, Holdings was the alter ego of Solutions who was the *de facto* employer of Trecker and obligated to Trecker under the terms of the Retention Bonus Agreement.

-6-

20.    Holdings and Solutions have breached the Employment Agreements and
Retention Bonus Agreements of each Plaintiff by failing, refusing and neglecting to
compensate Plaintiffs under their Employment Agreements and Retention Bonus
Agreements.

21.    As a direct and proximate result of the breach of Plaintiffs' employment
and retention bonus agreements, Plaintiffs have sustained the following losses:

(A)    Gordon Quick - $1,110,410.38;

(B)    William McCausland - $290,036.97;

(C)    John Trecker - $266,083.00.

WHEREFORE, in Count I, Plaintiffs pray judgment against Defendants
Woodmont Holdings, Inc. and Viziqor Solutions, Inc., jointly and severally, in the
following amounts, together with interest at the rate of 9% per annum on all amounts
due as of the dates of termination:

| (A) | Gordon Quick | $1,110,410.38 |
| (B) | William McCausland | $ 290,036.97 |
| (C) | John Trecker | $ 266,083.00 |

## COUNT II
### (Breach of Contract against Quadrangle)

For their separate causes of action against Defendant Quadrangle, Plaintiffs
state:

22.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 21
as if more fully set forth herein.

-7-

23. On or about May 19, 2005, Quadrangle, by and through its agent, servant and employee Huber, made a definite and unambiguous offer to Plaintiffs that if they would continue working for Solutions until it could be sold, Quadrangle would pay Plaintiffs all of their severance benefits and retention bonuses in the event that the Plaintiffs were discharged as employees of Solutions without being paid their benefits and bonuses

24. As consideration for Quadrangle's agreement, Plaintiffs agreed to continue as employees of Solutions and did continue as employees of Solutions until they were subsequently discharged without cause. In reaching agreement, the parties anticipated that the sale of Solutions could and would be completed within one (1) year. In fact, the sale was completed within one (1) year. Following the sale, Holdings and Solutions failed to compensate Plaintiffs under their contracts.

25. The agreement was fair to all parties; Plaintiffs fully performed their obligations under the contract. Plaintiffs' performance in remaining employed was pursuant to and in reliance upon Huber's specific offers, as aforesaid.

26. At all material times Huber was the agent, servant and employee of Quadrangle and authorized to make such offers to Plaintiffs.

27. At all material times, Huber was acting in the course and scope of his employment with Quadrangle. All of his conduct took place in furtherance of the business and interests of Quadrangle.

28. Quadrangle has breached its contract with Plaintiffs by failing, refusing and neglecting to pay them their severance payments and their retention bonuses.

-8-

29.    As a direct and proximate result of the breach of the foregoing agreement,

Plaintiffs have sustained the following losses:

      (A)    Gordon Quick - \$1,110,410.38;

      (B)    William McCausland - \$290,036.97;

      (C)    John Trecker - \$266,083.00.

WHEREFORE, in Count II, Plaintiffs pray judgment against Defendant

Quadrangle as follows, together with interest at the rate of 9% per annum on all

amounts due as of the dates of termination:

| | | |
|---|---|---|
| (A) | Gordon Quick | \$1,110,410.38 |
| (B) | William McCausland | \$ 290,036.97 |
| (C) | John Trecker | \$ 266,083.00 |

## COUNT III
### (Common Law Fraud Against Huber and Quadrangle)

For their separate and alternative cause of action against Defendant Quadrangle

and their separate cause of action against Defendant Huber, Plaintiffs state:

30.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 29

as if more fully set forth herein.

31.    At all material times Huber was the agent, servant and employee of

Quadrangle and authorized to make such representations to the Plaintiffs.

32.    The conduct and acts of Huber took place while he was acting in the

course and scope of his employment with Quadrangle. His conduct and acts were done

in furtherance of the business and interests of Quadrangle.

-9-

33.     At the time the offers and representations, as aforesaid, were  made, Huber and Quadrangle knew they were false.

34.     The representations were material to Plaintiffs' decisions to remain employees of Solutions. Plaintiffs did in fact honor their commitments to remain employees of Solutions until they were terminated without cause just prior to the sale of Solutions some seven (7) months later.

35.     Plaintiffs were ignorant of the fact that the representations and promises being made to them were false.

36.     In making the representations, said Defendants intended that Plaintiffs should rely thereon.  Plaintiffs did rely thereon and their reliance was reasonable and well-founded.

37.     In making the false representations, said Defendants intended to defraud Plaintiffs.

38.     As a direct and proximate result of the fraudulent conduct by Quadrangle and Huber, as aforesaid, Plaintiffs sustained the following damages:

      (A)     Gordon Quick - $1,110,410.38;

      (B)     William McCausland - $290,036.97;

      (C)     John Trecker - $266,083.00.

39.     Said Defendants' conduct, as aforesaid, was willful, intentional, malicious, outrageous and dishonest. Accordingly, Plaintiff is entitled to an award of punitive damages.

-10-

WHEREFORE, in Count III, Plaintiffs pray judgment for actual damages against Defendants Quadrangle and Huber, as follows:

| | | |
|---|---|---|
| (A) | Gordon Quick | $1,110,410.38 |
| (B) | William McCausland | $ 290,036.97 |
| (C) | John Trecker | $ 266,083.00 |

together with interest at the rate of 9% per annum on all amounts due as of the date of termination, punitive damages against each such Defendant in the amount of $10 million for each Plaintiff, and whatever additional relief the Court deems appropriate under the circumstances.

GREEN, SCHAAF & JACOBSON, P.C.

By: _____

Martin M. Green #16465
James J. Simeri #52506
Attorneys for Plaintiff
7733 Forsyth Boulevard, Suite 700
Clayton, Missouri 63105
314-862-6800
FAX: 314-862-1606
green@stlouislaw.com
simeri@stlouislaw.com

I certify and attest that the above is a true copy of the original record of the Court in case number _____ 06cc 915 _____ as it appears on file in my office.



Issued

04-13-2006

**JOAN M. GILMER**, Circuit Clerk
St. Louis County Circuit Court

By _____

Deputy Clerk

CCOPR36   Rev. 06/00

# Exhibit C

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

2006 APR 12  AM 11: 20

JOAN M. GILMER
CIRCUIT CLERK

| | | |
|---|---|---|
| GORDON QUICK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No. 06CC-000915 |
| | ) | |
| v. | ) | Division 3 |
| | ) | |
| VIZIQOR SOLUTIONS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## M E M O

By leave of Court, Plaintiffs dismiss the Petition against Defendant Woodmont Holdings, Inc., f/k/a Viziqor Holdings, Inc., without prejudice.

GREEN, SCHAAF & JACOBSON, P.C.

By: _Martin M. Green_

Martin M. Green #16465
James J. Simeri #52506
Attorneys for Plaintiffs
7733 Forsyth Boulevard, Suite 700
Clayton, Missouri 63105
314-862-6800
FAX: 314-862-1606
green@stlouislaw.com
simeri@stlouislaw.com

### CERTIFICATE OF SERVICE

A copy of the foregoing was mailed, postage prepaid, to John T. Carroll, III, Attorney, but not of record for Alfred T. Giuliano, Chapter 7 Trustee for the Estate of Defendant Woodmont Holdings, Inc., 1201 North Market Street, Suite 1400, Wilmington, DE 19801; David S. Slavkin, Attorney, but not of record, for Defendants Huber and Quadrangle Group, LLC, One Metropolitan Square, Suite 3600, St. Louis, MO 63102; and Dawn Landry, General Counsel for Defendant Viziqor Solutions, Inc., 902 Clint Moore Road, Suite 230, Boca Raton, FL 33487, this 12th day of April, 2006.

_Martin M. Green_

# Exhibit D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

GORDON QUICK, WILLIAM         )
MCCAUSLAND and JOHN           )
TRECKER,                      )
                             )
    Plaintiffs,            )    Case No.:
                             )
v.                            )
                             )
VIZIQOR SOLUTIONS, INC.,      )
WOODMONT HOLDINGS, INC.,      )
MICHAEL HUBER, and            )
QUADRANGLE GROUP, LLC.        )
                             )
    Defendants.            )

### DEFENDANT WOODMONT HOLDINGS, INC.'S CONSENT TO REMOVAL

    Defendant Woodmont Holdings, Inc., by and through the Trustee for the Bankruptcy Estate

of Woodmont Holdings, Inc., pursuant to 28 U.S.C. §1441, hereby consents to removal to federal

court of the case entitled Gordon Quick, William McCausland, and John Trecker v. Visiqor

Solutions, Inc., Woodmont Holdings, Inc., Michael Huber, and Quadrangle Group, LLC, Civil

Action No. 06CC-000915, now pending in the Circuit Court of the County of St. Louis, Missouri.

    Respectfully submitted this 14th day of April 2006.

                WOODMONT HOLDINGS, INC.

By: _____
        John V. Carroll, III
        Cozen O'Conner
        Chase Manhattan Center
        1201 North Market Street
        Suite 1400
        Wilmington, Delaware 19801
        Attorney for Trustee
        Estate of Woodmont Holdings,
        Inc. in Bankruptcy

2335554.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April 2006, a copy of the foregoing was faxed and served via U.S. Mail, postage prepaid, upon:

Charles A. Weiss
Bryan Cave LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
(314) 259-2020 (Facsimile)

Martin M. Green
James J. Simeri
Green, Schaaf & Jacobson, P.C.
7733 Forsyth Boulevard, Suite 700
Clayton, Missouri 63105
(314) 862-1606 (Facsimile)

Michael A. Clithero
Blackwell Sanders Peper Martin
720 Olive Street, 24th Floor
St. Louis, Missouri 63101
(314) 345-6060 (Facsimile)

# Exhibit E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

GORDON QUICK, WILLIAM            )
MCCAUSLAND and JOHN              )
TRECKER,                         )
                                 )
    Plaintiffs,              )    Case No.:
                                 )
v.                               )
                                 )
VIZIQOR SOLUTIONS, INC.,         )
WOODMONT HOLDINGS, INC.,         )
MICHAEL HUBER, and               )
QUADRANGLE GROUP, LLC.           )
                                 )
    Defendants.              )

### DEFENDANT VIZIQOR SOLUTIONS, INC.'S CONSENT TO REMOVAL

Defendant Viziqor Solutions, Inc., now known as Formula Telecom Solutions, Inc.,

pursuant to 28 U.S.C. §1441, hereby consents to removal to federal court of the case entitled

Gordon Quick, William McCausland, and John Trecker v. Viziqor Solutions, Inc., Woodmont

Holdings, Inc., Michael Huber, and Quadrangle Group, LLC, Civil Action No. 06CC-000915, now

pending in the Circuit Court of the County of St. Louis, Missouri.

Respectfully submitted this 14th day of April 2006.

                VIZIQOR SOLUTIONS, INC.

By:   _Michael A. Clithero_

                Michael A. Clithero #2829
                Blackwell Sanders Peper Martin
                720 Olive Street, 24th Floor
                St. Louis, Missouri 63101
                (314) 345-6462
                (314) 345-6060 (Facsimile)
                Attorney for Viziqor Solutions, Inc.

2335302.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April 2006, a copy of the foregoing was faxed and served via U.S. Mail, postage prepaid, upon:

Charles A. Weiss
Bryan Cave LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
(314) 259-2020 (Facsimile)

Martin M. Green
James J. Simeri
Green, Schaaf & Jacobson, P.C.
7733 Forsyth Boulevard, Suite 700
Clayton, Missouri 63105
(314) 862-1606 (Facsimile)

John T. Carroll, III
Cozen O'Conner
Chase Manhattan Center
1201 North Market Street
Suite 1400
Wilmington, Delaware 19801
(302) 295-2013 (Facsimile)

*Michael A. Clithero*

# Exhibit F

## CIRCUIT COURT OF THE TWENTY-FIRST JUDICIAL CIRCUIT
## ST. LOUIS COUNTY

| | |
|---|---|
| GORDON QUICK, WILLIAM MCCAUSLAND and JOHN TRECKER, | ) ) ) |
| | ) |
| Plaintiffs, | ) Cause No. 06CC-000915 |
| | ) |
| v. | ) Division 3 |
| | ) |
| VIZIQOR SOLUTIONS, INC., WOODMONT HOLDINGS, INC., MICHAEL HUBER, and QUADRANGLE GROUP, LLC. | ) ) ) ) |
| | ) |
| Defendants. | ) |

## NOTICE TO ST. LOUIS COUNTY CIRCUIT CLERK

TO:   Circuit Clerk of St. Louis County
      7900 Carondelet
      Clayton, Missouri 63105

PLEASE TAKE NOTICE that on this 14th day of April, 2006, pursuant to 28 U.S.C. §1441,

Defendants Quadrangle Group, LLC and Michael Huber removed this cause to the United States

District Court, Eastern District of Missouri. The Notice of Removal is attached.

Respectfully submitted,

BRYAN CAVE LLP

By:_____
Charles A. Weiss
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
(314) 259-2000
(314) 259-2020 (Facsimile)

Weil, Gotshal & Manges
James L. Messenger
100 Federal Street, Floor 34
Boston, Massachusetts 02110
Of Counsel
Attorneys for Quadrangle Group LLC
and Michael Huber

2335289.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April 2006, a copy of the foregoing was faxed and served via U.S. Mail, postage prepaid, upon:

Martin M. Green
James J. Simeri
Green, Schaaf & Jacobson, P.C.
7733 Forsyth Boulevard, Suite 700
Clayton, Missouri 63105
(314) 862-1606 (Facsimile)

Michael A. Clithero
Blackwell Sanders Peper Martin
720 Olive Street, 24th Floor
St. Louis, Missouri 63101
(314) 345-6060 (Facsimile)

John T. Carroll, III
Cozen O'Conner
Chase Manhattan Center
1201 North Market Street
Suite 1400
Wilmington, Delaware 19801
(302) 295-2013 (Facsimile)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)  PLAINTIFFS**

Gordon Quick, William McCausland and John Trecker

**DEFENDANTS**

Viziqor Solutions, Inc., Woodridge Holdings, Inc., Michael Huber, and Quadrangle Group, LLC

**(b)**  County of Residence of First Listed Plaintiff   St. Louis County

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Broward County Fla

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Green, Schaaf & Jacobson, P.C., 7733 Forsyth Blvd., Ste. 700, St. Louis, Missouri 63105 (314) 862-6800

Attorneys (If Known)

Charles Weiss, Bryan Cave, 211 N. Broadway, Ste. 3600, St. Louis, MO 63102   (314) 259-2000

**4:06CV00637SNL**

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | | III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff |
|---|---|---|

(For Diversity Cases Only) and One Box for Defendant)

| | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|
| ❏ 1  U.S. Government Plaintiff | ❏ 3  Federal Question (U.S. Government Not a Party) | Citizen of This State  ☒ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| ❏ 2  U.S. Government Defendant | ☒ 4  Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State  ❏ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| | | Citizen or Subject of a Foreign Country  ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Med. Malpractice | ❏ 625 Drug Related Seizure | 28 USC 157 | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | Liability | ❏ 365 Personal Injury - | of Property 21 USC 881 | | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 460 Deportation |
| & Enforcement of Judgment | Slander | ❏ 368 Asbestos Personal | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 470 Racketeer Influenced and |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Injury Product | ❏ 650 Airline Regs. | ❏ 830 Patent | Corrupt Organizations |
| ❏ 152 Recovery of Defaulted | Liability | Liability | ❏ 660 Occupational | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| Student Loans | ❏ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❏ 490 Cable/Sat TV |
| (Excl. Veterans) | ❏ 345 Marine Product | ❏ 370 Other Fraud | ❏ 690 Other | | ❏ 810 Selective Service |
| ❏ 153 Recovery of Overpayment | Liability | ❏ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 380 Other Personal | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | Property Damage | Act | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge |
| ❏ 190 Other Contract | Product Liability | ❏ 385 Property Damage | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Product Liability | ❏ 730 Labor/Mgmt.Reporting | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | | & Disclosure Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 442 Employment | Sentence | ❏ 791 Empl. Ret. Inc. | or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ | **Habeas Corpus:** | Security Act | ❏ 871 IRS—Third Party | ❏ 895 Freedom of Information |
| ❏ 240 Torts to Land | Accommodations | ❏ 530 General | | 26 USC 7609 | Act |
| ❏ 245 Tort Product Liability | ❏ 444 Welfare | ❏ 535 Death Penalty | | | ❏ 900Appeal of Fee Determination |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ❏ 550 Civil Rights | | | to Justice |
| | ❏ 446 Amer. w/Disabilities - | ❏ 555 Prison Condition | | | ❏ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ❏ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| ❏ 1 Original Proceeding | ☒ 2 Removed from State Court | ❏ 3 Remanded from Appellate Court | ❏ 4 Reinstated or Reopened | ❏ 5 Transferred from another district (specify) | ❏ 6 Multidistrict Litigation | ❏ 7 Appeal to District Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Breach of Contract Claim

| VII. REQUESTED IN COMPLAINT: | ❏ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $  1,110,410 | CHECK YES only if demanded in complaint: JURY DEMAND:  ☒ Yes  ❏ No |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE                    DOCKET NUMBER

DATE   4-14-06

SIGNATURE OF ATTORNEY OF RECORD   Charles A. Weiss

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

CB        5-2006-6255

t (
V1

Stephen N. Limbaugh

DECK TYPE: St. Louis - Civil

DATE STAMP :04/14/2006 @ 14:09:04

CASE NUMBER  4:06CV00637
 E &10H

4  06CVO 0 6 3 7 S N L

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

**FILED**

APR 1 4 2006

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO

Gordon Quick, William McCausland, and
John Trecker

,                    )
         plaintiff,        )
               )
        v.                    )     Case No.
Vizigor Solutions, Inc., et al.      )
           ,        )
         defendant.    **4  06CV0 0637SNL**

## ORIGINAL FILING FORM

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY WHEN INITIATING A NEW CASE.**

———THIS CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS

PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER_____

AND ASSIGNED TO THE HONORABLE JUDGE_____.

✔NEITHER THIS CAUSE, NOR A SUBSTANTIALLY EQUIVALENT COMPLAINT,

PREVIOUSLY HAS BEEN FILED IN THIS COURT, AND THEREFORE MAY BE

OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date:___4-14-06_____

_____
       Signature of Filing Party